UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA
JOHNSTOWN DIVISION

| | |
|---|---|
| **MOLLY CUMMINGS,** : | |
| : | |
| Plaintiff, : | Civil Action No.: 3:21cv202 |
| : | |
| v. : | |
| : | |
| **INSTANT BRANDS INC.,** : | |
| : | |
| Defendant. : | |

# COMPLAINT

Plaintiff, **MOLLY CUMMINGS** ("Plaintiff") by and through their undersigned counsel, **JOHNSON BECKER, PLLC** hereby submits the following Complaint and Demand for Jury Trial against Defendant **INSTANT BRANDS, INC.** (hereafter referred to as "Defendant Instant Brands," and "Defendant"), alleges the following upon personal knowledge and belief, and investigation of counsel:

## NATURE OF THE CASE

1. Defendants Instant Brands designs, manufactures, markets, imports, distributes, and sells a wide range of consumer kitchen products, including the subject "Instant Pot Programmable Electric Pressure Cooker," which specifically includes the Model Number Duo Black SS 60 (referred to hereafter as "pressure cooker(s)") that is at issue in this case.

2. Defendant touts the "safety"[1] of their pressure cookers, and states that they cannot be opened while in use. Despite Defendants claims of "safety," they designed, manufactured, marketed, imported, distributed and sold, both directly and through third-party retailers, a product

---

[1] *See*, e.g. Instant Pot Duo Owner's manual, pgs. 2, 5, 13, and 22. A copy of the Owner's Manual is attached hereto as "Exhibit A".

that suffers from serious and dangerous defects. Said defects cause significant risk of bodily harm and injury to its consumers.

3.     Specifically, said defects manifest themselves when, despite Defendant's statements, the lid of the pressure cooker is removable with built-up pressure, heat and steam still inside the unit. When the lid is removed under such circumstances, the pressure trapped within the unit causes the scalding hot contents to be projected from the unit and into the surrounding area, including onto the unsuspecting consumers, their families and other bystanders. The Plaintiff was able to remove the lid while the pressure cooker retained pressure, causing Plaintiff serious and substantial bodily injuries and damages, including catastrophic burn injuries.

4.     Defendant knew or should have known of these defects but have nevertheless put profit ahead of safety by continuing to sell its pressure cookers to consumers, failing to warn said consumers of the serious risks posed by the defects, and failing to recall the dangerously defective pressure cookers regardless of the risk of significant injuries to Plaintiff and consumers like them.

5.     Defendant ignored and/or concealed their knowledge of these defects in its pressure cookers from the Plaintiffs in this case, as well as the public in general, in order to continue generating a profit from the sale of said pressure cookers, demonstrating a callous, reckless, willful, depraved indifference to the health, safety and welfare of Plaintiff and others like her.

6.     As a direct and proximate result of Defendant's conduct, the Plaintiff in this case incurred significant and painful bodily injuries, medical expenses, physical pain, mental anguish, and diminished enjoyment of life.

## PLAINTIFF MOLLY CUMMINGS

7. Plaintiff is a resident and citizen of the City of Bedford, County of Bedford, State of Pennsylvania. Therefore, Plaintiff is a resident and citizen of the State of Pennsylvania for purposes of diversity pursuant to 28 U.S.C. § 1332.

8. In or around November 28, 2019, Plaintiff purchased a new Instant Pot pressure cooker Model Duo SV 60 from Costco.

9. On or about December 5, 2019, Plaintiff suffered serious and substantial burn injuries as the direct and proximate result of the pressure cooker's lid being able to be rotated and opened while the pressure cooker was still under pressure, during the normal, directed use of the pressure cooker, allowing its scalding hot contents to be forcefully ejected from the pressure cooker and onto Plaintiffs. The incident occurred as a result of the failure of the pressure cooker's supposed "safety mechanisms,"[2] which purport to keep the consumer safe while using the pressure cooker. In addition, the incident occurred as the result of Defendant's failure to redesign the pressure cooker, despite the existence of economical, safer alternative designs.

## DEFENDANT INSTANT BRANDS INC.

10. Defendant designed, manufactured, marketed, imported, distributed, and sold a variety of consumer kitchen products including pressure cookers, air fryers, and blenders, amongst others.

11. Defendants boast that "[t]he Instant Pot line of products are truly tools for a new lifestyle and especially cater to the needs of health-minded individuals"[3] with its "main goal" to provide

---

[2] *Id.* at 4 and 5.
[3] *See* https://instantpot.com/about-instant-brands-inc-instant-pot/ (last accessed November 17, 2021)

"best kitchen experience by offering unsurpassed user interface design and connected technologies."[4]

12.     Defendant Instant Brands is a Canadian corporation with is principal place of business at 495 March Road, Suite 200, Kanata, ON, Canada K2K 3G1, and as such is deemed to be a citizen of the Country of Canada for purposes of diversity pursuant to 28 U.S.C. § 1332.

13.     Upon information and belief, Defendant Instant Brands are parent and subsidiary, or successor and predecessor, or the same corporate entity, as both Instant Brands, Inc, and Double Insight, Inc., have each held themselves out as the designer, manufacturer, and/or distributor of the Instant Pot, and as doing business as Instant Pot Company.

## JURISDICTION AND VENUE

14.     This Court has subject matter jurisdiction over this case pursuant to diversity jurisdiction prescribed by 28 U.S.C. § 1332 because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and there is complete diversity between the parties.

15.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391 all or a substantial part of the events or omissions giving rise to this claim occurred in this district.

16.     Venue is also proper in this Court pursuant to 28 U.S.C. § 1391 because Defendant has sufficient minimum contacts with the State of Pennsylvania and intentionally availed itself of the markets within Pennsylvania through the promotion, sale, marketing, and distribution of its products.

## FACTUAL BACKGROUND

17.     Defendant is engaged in the business of designing, manufacturing, warranting, marketing, importing, distributing, and selling the pressure cookers at issue in this litigation.

---

[4] *Id.*

18.     Defendant aggressively warrants, markets, advertises, and sells its pressure cookers as "Convenient, Dependable and Safe,"[5] allowing consumers to cook "healthy, tasty dishes."[6]

19.     For instance, the Defendant claims that its pressure cookers include a "safety feature to disable the cooker" and display light that "flashes 'Lid' if the lid is not positioned correctly."[7]

20.     To further propagate its message, Defendant has, and continues to utilize numerous media outlets including, but not limited to, infomercials, social media websites such as YouTube, and third-party retailers. For example, the following can be found on Defendant's YouTube webpage entitled "Getting to Know Your New Instant Pot IP-DUO":

   a. "The first thing you need to know about your IP-DUO is that ***you don't need to be afraid of it***, as many people are afraid of stovetop pressure cookers."[8]

   b. "With 10 safety features built in, you can use your Instant Pot with confidence, ***knowing that it is not going to explode***."[9]

   c. "In addition, keep in mind that your Instant Pot operates at relatively low pressures of 11 to 12 psi or lower, depending on the pressure setting that you use."[10]

21.     In a similar video entitled "Introducing Instant Pot IP-DUO series electric pressure cooker," spokesperson Laura Pazzaglia, founder of the website "Hip Pressure Cooking"[11] boasts of the pressure cookers "10 safety features," stating that this "new model detects the position of

---

[5] *See* https://instantpot.com/portfolio-item/lux-6-quart/#tab-id-1 (last accessed November 17, 2021 2019).
[6] *Id.*
[7] Instant Pot DUO Owner's Manual, pg. 22
[8] https://www.youtube.com/watch?v=w1RKj9E8TY0 (video with a runtime of 11:26) at 0:42 – 0:46 (last accessed October 18, 2021)
[9] *Id.* at 0:47 – 0:55.
[10] *Id.* 0:56 – 1:08. This apparently suggests that even if the lid is opened while the unit is still pressurized, it will not harm you.
[11] *See* https://www.hippressurecooking.com/ (last accessed October 18, 2021)

the lid" and "once the lid is locked, and the contents are under pressure, *there's no way to open the pressure cooker*."[12]

22. According to the Owner's Manual accompanying each individual unit sold, the pressure cookers purport to be designed with "Safety Features,"[13] misleading the consumer into believing that the pressure cookers are reasonably safe for their normal, intended use.

23. By reason of the forgoing acts or omissions, the Plaintiff used the pressure cooker with the reasonable expectation that it was properly designed and manufactured, free from defects of any kind, and that it was safe for its intended, foreseeable use of cooking.

24. Plaintiff used the pressure cooker for its intended purpose of preparing meals and did so in a manner that was reasonable and foreseeable by the Defendant.

25. However, the aforementioned pressure cooker was defectively and negligently designed and manufactured by the Defendant in that it failed to properly function as to prevent the lid from being removed with normal force while the unit remained pressurized, despite the appearance that all the pressure had been released, during the ordinary, foreseeable and proper use of cooking food with the product; placing the Plaintiff, her family, and similar consumers in danger while using the pressure cookers.

26. Defendant's pressure cookers possess defects that make them unreasonably dangerous for their intended use by consumers because the lid can be rotated and opened while the unit remains pressurized.

27. Further, Defendant's representations about "safety" are not just misleading, they are flatly wrong, and put innocent consumers like Plaintiff directly in harm's way.

---

[12] https://www.youtube.com/watch?v=w1RKj9E8TY0 (video with a runtime of 11:26) (last accessed October 18, 2021)
[13] *See* Instant Pot IP-DUO Owner's Manual, pg. 22.

28. Economic, safer alternative designs were available that could have prevented the Pressure Cooker's lid from being rotated and opened while pressurized.

29. Defendant knew or should have known that its pressure cookers possessed defects that pose a serious safety risk to Plaintiff and the public. Nevertheless, Defendants continue to ignore and/or conceal its knowledge of the pressure cookers' defects from the general public and continues to generate a substantial profit from the sale of their pressure cookers, demonstrating a callous, reckless, willful, depraved indifference to the health, safety and welfare of Plaintiffs and others like them.

30. As a direct and proximate result of Defendant's intentional concealment of such defects, its failure to warn consumers of such defects, its negligent misrepresentations, its failure to remove a product with such defects from the stream of commerce, and its negligent design of such products, Plaintiffs used an unreasonably dangerous pressure cooker, which resulted in significant and painful bodily injuries upon the simple removal of the lid of the pressure cooker.

31. Consequently, the Plaintiff seeks damages resulting from the use of Defendant's pressure cooker as described above, which has caused the Plaintiff to suffer from serious bodily injuries, medical expenses, physical pain, mental anguish, diminished enjoyment of life, and other damages.

## CLAIMS FOR RELIEF

### COUNT I
### STRICT LIABILITY

32. Plaintiff incorporates by reference each preceding and succeeding paragraph as though set forth fully at length herein.

33. At the time of Plaintiff's injuries, Defendant's pressure cookers were defective and unreasonably dangerous for use by foreseeable consumers, including Plaintiff.

34. Defendant's pressure cookers were in the same or substantially similar condition as when they left the possession of the Defendant.

35. Plaintiff did not misuse or materially alter the pressure cooker.

36. The pressure cooker did not perform as safely as an ordinary consumer would have expected them to perform when used in a reasonably foreseeable way.

37. Further, a reasonable person would conclude that the possibility and serious of harm outweighs the burden or cost of making the pressure cookers safe. Specifically:

   a. The pressure cookers designed, manufactured, sold, and supplied by Defendant were defectively designed and placed into the stream of commerce in a defective and unreasonably dangerous condition for consumers;

   b. The seriousness of the potential burn injuries resulting from the product drastically outweighs any benefit that could be derived from its normal, intended use;

   c. Defendant failed to properly market, design, manufacture, distribute, supply, and sell the pressure cookers, despite having extensive knowledge that the aforementioned injuries could and did occur;

   d. Defendant failed to warn and place adequate warnings and instructions on the pressure cookers;

   e. Defendant failed to adequately test the pressure cookers; and

   f. Defendant failed to market an economically feasible alternative design, despite the existence of economical, safer alternatives, that could have prevented the Plaintiffs' injuries and damages.

38. Defendant's actions and omissions were the direct and proximate cause of the Plaintiff's injuries and damages.

39. Defendant's conduct, as described above, was extreme and outrageous. Defendant risked the safety and well-being of the consumers and users of their pressure cookers, including the Plaintiffs to this action, with the knowledge of the safety and efficacy problems and suppressed this knowledge from the public. Defendant made conscious decisions not to redesign, warn or

inform the unsuspecting consuming public. Defendant's outrageous conduct warrants an award of punitive damages.

**WHEREFORE**, Plaintiff demands judgment against Defendant for compensatory and punitive damages, together with interest, costs of suit, attorneys' fees, and all such other relief as the Court deems proper.

**COUNT II**
**NEGLIGENCE**

40. Plaintiff incorporates by reference each preceding and succeeding paragraph as though set forth fully at length herein.

41. Defendant had a duty of reasonable care to design, manufacture, market, and sell non-defective pressure cookers that are reasonably safe for their intended uses by consumers, such as Plaintiffs and their family.

42. Defendant failed to exercise ordinary care in the manufacture, sale, warnings, quality assurance, quality control, distribution, advertising, promotion, sale and marketing of its pressure cookers in that Defendant knew or should have known that said pressure cookers created a high risk of unreasonable harm to the Plaintiff and consumers alike.

43. Defendant was negligent in the design, manufacture, advertising, warning, marketing, and sale of its pressure cookers in that, among other things, it:

   a. Failed to use due care in designing and manufacturing the pressure cookers to avoid the aforementioned risks to individuals;

   b. Placed an unsafe product into the stream of commerce;

   c. Aggressively over-promoted and marketed its pressure cookers through television, social media, and other advertising outlets; and

   d. Were otherwise careless or negligent.

44.     Despite the fact that Defendant knew or should have known that consumers were able to remove the lid while the pressure cookers were still pressurized, Defendant continued to market (and continue to do so) its pressure cookers to the general public.

45.     Defendant's conduct, as described above, was extreme and outrageous. Defendant risked the safety and well-being of the consumers and users of their pressure cookers, including the Plaintiffs to this action, with the knowledge of the safety and efficacy problems and suppressed this knowledge from the public. Defendant made conscious decisions not to redesign, warn or inform the unsuspecting consuming public. Defendant's outrageous conduct warrants an award of punitive damages.

**WHEREFORE**, Plaintiffs demands judgment against Defendant for compensatory and punitive damages, together with interest, costs of suit, attorneys' fees, and all such other relief as the Court deems proper.

## COUNT III
## BREACH OF EXPRESS WARRANTY

46.     Plaintiff incorporates by reference each preceding and succeeding paragraph as though set forth fully at length herein.

47.     Defendant expressly warranted that its pressure cookers were safe and effective to members of the consuming public, including Plaintiffs and their family. Moreover, Defendant expressly warranted that the lid of the Pressure Cooker could not be removed while the unit remained pressurized. Specifically:

> a. "Do not attempt to open the lid until pressure inside the cooker is completely released. As a safety feature, until the float valve drops down the lid is locked and cannot be opened."[14]

---

[14] *Id.* at pg. 22.

      b. "Once the lid is locked, and the contents are under pressure, there's no way to open the pressure cooker."[15]

48. Members of the consuming public, including consumers such as the Plaintiff, were the intended third-party beneficiaries of the warranty.

49. Defendant marketed, promoted and sold its pressure cookers as a safe product, complete with "safety measures."

50. Defendant's pressure cookers do not conform to these express representations because the lid can be removed using normal force while the units remain pressurized, despite the appearance that the pressure has been released, making the pressure cookers not safe for use by consumers.

51. Defendant breached its express warranties in one or more of the following ways:

    a. The pressure cookers as designed, manufactured, sold and/or supplied by the Defendant, were defectively designed, and placed into the stream of commerce by Defendant in a defective and unreasonably dangerous condition;

    b. Defendant failed to warn and/or place adequate warnings and instructions on their pressure cookers;

    c. Defendant failed to adequately test its pressure cookers; and

    d. Defendant failed to provide timely and adequate post-marketing warnings and instructions after they knew the risk of injury from their pressure cookers.

52. The Plaintiff used the pressure cooker with the reasonable expectation that it was properly designed and manufactured, free from defects of any kind, and that it was safe for its intended, foreseeable use of cooking.

53. Plaintiff's injuries were the direct and proximate result of Defendant's breach of it's express warranties.

---

[15] *See* https://www.youtube.com/watch?v=bVA2EqPf0s0 at 1:22 – 143.

54. Defendant's conduct, as described above, was extreme and outrageous. Defendants risked the safety and well-being of the consumers and users of its pressure cookers, including the Plaintiff to this action, with the knowledge of the safety and efficacy problems and suppressed this knowledge from the public. Defendants made conscious decisions not to redesign, warn or inform the unsuspecting consuming public. Defendant's outrageous conduct warrants an award of punitive damages.

**WHEREFORE**, Plaintiff demands judgment against Defendant for compensatory and punitive damages, together with interest, costs of suit, attorneys' fees, and all such other relief as the Court deems proper.

## COUNT IV
## BREACH OF IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE

55. Plaintiff incorporates by reference each preceding and succeeding paragraph as though set forth fully at length herein.

56. Defendant manufactured, supplied, and sold their pressure cookers with an implied warranty that they were fit for the particular purpose of cooking quickly, efficiently and safely.

57. Members of the consuming public, including consumers such as the Plaintiff's mother, were the intended third-party beneficiaries of the warranty.

58. Defendant's pressure cookers were not fit for the particular purpose as a safe means of cooking, due to the unreasonable risks of bodily injury associated with their use.

59. The Plaintiff reasonably relied on Defendant's representations that its pressure cookers were a quick, effective and safe means of cooking.

60. Defendant's breach of the implied warranty of fitness for a particular purpose was the direct and proximate cause of Plaintiff's injuries and damages.

61. Defendant's conduct, as described above, was extreme and outrageous. Defendant risked the safety and well-being of the consumers and users of their pressure cookers, including the Plaintiff to this action, with the knowledge of the safety and efficacy problems and suppressed this knowledge from the public. Defendant made conscious decisions not to redesign, warn or inform the unsuspecting consuming public. Defendant's outrageous conduct warrants an award of punitive damages.

**WHEREFORE,** Plaintiff demands judgment against Defendant for compensatory and punitive damages, together with interest, costs of suit, attorneys' fees, and all such other relief as the Court deems proper.

## COUNT V
## BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY

62. Plaintiff incorporates by reference each preceding and succeeding paragraph as though set forth fully at length herein.

63. At the time Defendant marketed, distributed, and sold their pressure cookers to the Plaintiff's friend in this case, Defendant warranted that its pressure cookers were merchantable and fit for the ordinary purposes for which they were intended.

64. Members of the consuming public, including consumers such as the Plaintiff, were intended third-party beneficiaries of the warranty.

65. Defendant's pressure cookers were not merchantable because they had the propensity to lead to the serious personal injuries as described herein in this Complaint.

66. The Plaintiff used the pressure cooker with the reasonable expectation that it was properly designed and manufactured, free from defects of any kind, and that it was safe for its intended, foreseeable use of cooking.

67.     Defendant's breach of implied warranty of merchantability was the direct and proximate cause of Plaintiff's injury and damages

68.     Defendant's conduct, as described above, was extreme and outrageous. Defendant risked the safety and well-being of the consumers and users of their pressure cookers, including the Plaintiff to this action, with the knowledge of the safety and efficacy problems and suppressed this knowledge from the public. Defendant made conscious decisions not to redesign, warn or inform the unsuspecting consuming public. Defendant's outrageous conduct warrants an award of punitive damages.

**WHEREFORE**, Plaintiff demands judgment against Defendant for compensatory and punitive damages, together with interest, costs of suit, attorneys' fees, and all such other relief as the Court deems proper.

## COUNT VI
## PUNITIVE DAMAGES

69.     Plaintiff incorporates by reference each of the allegations set forth in this Complaint as though fully set forth herein.

70.     The acts, conduct, and omissions of Defendant, as alleged throughout this Complaint, were willful and malicious. It is unconscionable and outrageous that Defendant would risk the health, safety, and well-being of consumers, including the Plaintiff in this case. Despite its knowledge that the lid could be prematurely removed while the unit remained pressurized, Defendant made a conscious decision not to redesign, despite the existence of an economically feasible, safer alternative design, and not to adequately label, warn or inform the unsuspecting consuming public about the dangers associated with the use of its pressure cookers. Defendant's outrageous conduct rises to the level that Plaintiff should be awarded punitive damages to deter Defendant from this

type of outrageous conduct in the future, as well as to discourage other Defendant from placing profits above the safety of consumers in the United States of America.

71. Prior to and during the manufacturing, sale, and distribution of their pressure cookers, Defendant knew that said pressure cookers were in a defective condition as previously described herein and knew that those who purchased and used their pressure cookers, including Plaintiff, could experience severe physical, mental, and emotional injuries.

72. Further, Defendant knew that its pressure cookers presented a substantial and unreasonable risk of harm to the public, including Plaintiff, and as such, Defendant unreasonably subjected consumers of said pressure cookers to risk of serious and permanent injury from their use.

73. Despite its knowledge, Defendant, for the purpose of enhancing its profits, knowingly and deliberately failed to remedy the known defects in its pressure cookers, and failed to warn the public, including Plaintiff, of the extreme risk of injury occasioned by said defects inherent in them. Defendant intentionally proceeded with the manufacturing, sale, distribution and marketing of their pressure cookers knowing these actions would expose consumers, such as the Plaintiff, to serious danger in order to advance its pecuniary interest and monetary profits.

74. Defendant's conduct was despicable and so contemptible that it would be looked down upon and despised by ordinary decent people and was carried on by Defendant with willful and conscious disregard for the safety of the Plaintiff and consumers like her, entitling the Plaintiff to punitive damages.

**WHEREFORE**, Plaintiff demands judgment against Defendant for compensatory and punitive damages, together with interest, costs of suit, attorneys' fees, and all such other relief as the Court deems proper.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff demand judgment against the Defendant for damages, including punitive damages, to which she is entitled by law, as well as all costs of this action, interest and attorneys' fees, to the full extent of the law, whether arising under the common law and/or statutory law, including:

a. judgment for Plaintiff and against Defendant;

b. damages to compensate Plaintiffs for their injuries, economic losses and pain and suffering sustained as a result of the use of the Defendant's pressure cookers;

c. pre and post judgment interest at the lawful rate;

d. punitive damages on all applicable Counts as permitted by the law;

e. a trial by jury on all issues of the case;

f. an award of attorneys' fees; and

g. for any other relief as this Court may deem equitable and just, or that may be available under the law of another forum to the extent the law of another forum is applied, including but not limited to all reliefs prayed for in this Complaint and in the foregoing Prayer for Relief.

                                          Respectfully Submitted,

                                          **JOHNSON BECKER, PLLC**

Dated: November 17, 2021          */s/ Adam J. Kress*
                                          Adam J. Kress, Esq.
                                          Michael K. Johnson, Esq. (MN #0258696)
                                          *Pro Hac Vice to be filed*
                                          Kenneth W. Pearson, Esq. (MN ID #016088X)
                                          *Pro Hac Vice to be filed*
                                          444 Cedar Street, Suite 1800
                                          St. Paul, MN 55101
                                          (612) 436-1800
                                          akress@johnsonbecker.com
                                          mjohnson@johnsonbacker.com
                                          kpearson@johnsonbecker.com

                                          ***Attorneys for Plaintiff***